

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

Case No. ILLICIT-DRUGS-EO14059-2024-1218345-1

Law Offices of Oscar Arroyave
2600 South Douglas Road
Suite 1004
Coral Gables, FL 33134

Attn:  Oscar Arroyave

Dear Mr. Arroyave:

This letter responds to your application dated April 10, 2024 (the Application) to the Office of Foreign Assets Control (OFAC), seeking guidance in connection with the commissary account of Specially Designated National Wilder Emilio Sanchez Farfan (the Client).  According to the Application, Mr. Farfan is an Ecuadorian citizen, was extradited from Colombia to the United States, is a federal inmate detained at the GEO Western Regional Detention Facility in San Diego, and is in pre-trial detention as a defendant in <u>United States v Wilder Sanchez Farfan</u> (Case No.19-CR-1910-LL) pending in the Southern District of California's District Court. You state that your Client's commissary account has been blocked since his arrival at the detention facility, and as a result he is without funds to purchase basic necessities and to use the phone. You also state that the legal department of TKC Holdings, which manages GEO Western Regional Facility commissary accounts, interprets current OFAC regulations as prohibiting commissary fund deposits by anyone except the inmates' spouses or persons who would ordinarily share a common dwelling as a family with them who are located in the United States. You further state that your Client does not have relatives in the U.S. who can deposit funds into their account, but rather seeks to have relatives in Ecuador send funds for the account.  You further state that the denial of commissary funds access imposes an undue hardship on your Client as the phone is the only way for him to maintain contact with relatives in Ecuador and is essential to defense preparation as the Client's attorney of record in the above-referenced case is based in Florida. You state your belief that TKC Holdings' interpretation is incorrect, and request clarification in a written response if it is incorrect, or a specific license authorizing the receipt of commissary funds from your Client's family in Ecuador if it is correct.

OFAC designated your Client pursuant to Executive Order 14059 (the Order). The Illicit Drug Trade Sanctions Regulations, 31 C.F.R. Part 599 (IDTSR), implement the Order. Pursuant to the Order and the IDTSR, all property and interests in property that are in the United States, that come within the United States, or that come within the possession or control of any U.S. person, of a specially designated national are blocked. 31 C.F.R. § 599.201. Accordingly, such property and interests in property of a specially designated national may not be transferred, paid, exported, withdrawn or otherwise dealt in without OFAC authorization. 31 C.F.R. § 599.201.

Section 599.511(a) of the IDTSR, however, contains a general license, that authorizes individuals whose property and interests in property are blocked pursuant to § 599.201 who are in U.S. custody or incarcerated in jails, prisons, or similar facilities in the United States to engage in the following transactions within the United States: (1) purchasing, making payment for, and receiving goods and services for their maintenance and the maintenance of their spouse or persons who would ordinarily share a common dwelling as a family with them, located in the United States, including food, clothing,

EXHIBIT A

housing, medical care, education, transportation, insurance, and utilities; (2) obtaining or continuing employment and engaging in all transactions ordinarily incident to such employment, including receipt of salary and benefits; (3) establishing accounts with a U.S. financial institution, or a commissary-type account with a prison, jail, or other similar facility, located in the United States, for use in connection with the transactions authorized in paragraphs (a)(1) and (a)(2) of this section; and (4) receiving and making funds transfers in furtherance of the authorized transactions set forth in paragraphs (a)(1) through (3) of this section from unblocked funds originating within or outside the United States, provided that any funds received may not originate from any individual or entity whose property or interests in property are blocked pursuant to any part of this chapter or any Executive order or statute, other than the covered individual or his or her spouse or persons who would ordinarily share a common dwelling as a family with the covered individual.

Based on the information provided in the Application, it appears that transactions for maintenance of your Client, including operation of a commissary account at the GEO Western Regional Detention Facility and funding of the account from unblocked sources in Ecuador, are generally licensed, provided the parties adhere to all the requirements described in § 599.511 including applicable reporting requirements. Therefore, no further authorization is required from OFAC to the extent that the proposed transactions fall within the scope of the applicable general license provisions. Please be advised that it is OFAC's policy not to grant specific licenses authorizing transactions for which the provisions of an outstanding general license are applicable. See 31 C.F.R. § 501.801(a). Also please note that this guidance does not address the need to comply with any law or regulation (including reporting requirements) administered by any other agency or authority or the need to obtain any required authorization(s) from any other agency.

If you have any additional questions, you may refer to the OFAC website at ofac.treasury.gov or contact the Licensing Division at (202) 622-2480.

Sincerely,

_____    4/30/2024
Jeffrey R. Braunger                    Date
Chief, Licensing Division
Office of Foreign Assets Control